NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0778n.06

No. 12-6327

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Aug 21, 2013
DEBORAH S. HUNT, Clerk

DAVID S. ENGLISH,                                    )
                                                     )
        Plaintiff - Appellant,                       )
                                                     )
v.                                                   )    ON APPEAL FROM THE
                                                     )    UNITED STATES DISTRICT
GENERAL DYNAMICS INFORMATION                         )    COURT FOR THE MIDDLE
TECHNOLOGY COMPANY, INC.,                            )    DISTRICT OF TENNESSEE
                                                     )
        Defendant - Appellee.                        )

BEFORE:  KEITH and McKEAGUE, Circuit Judges; and WATSON, District Judge.[*]

**DAMON J. KEITH, Circuit Judge**.  Plaintiff-Appellant David English seeks reversal of

the district court's grant of summary judgment in favor of Defendant-Appellee General Dynamics

Information Technology Company, Inc. ("GDIT") in this Title VII action alleging hostile work

environment based on racial discrimination.  The alleged hostility and discrimination was inflicted

by a coworker who was not Plaintiff's supervisor.  The district court granted summary judgment

concluding that there was no evidence that his abusive coworker was abusive on the basis of race,

that the harassment was not severe or pervasive, and that GDIT should not be held liable for the

abusive coworker's conduct.  For the reasons below, we affirm the district court's judgment.

Plaintiff David S. English, an African-American male, began working for GDIT in December

2007 as a janitor/groundskeeper.  At the time of his hiring, the only other GDIT employee in the

_____

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District
of Ohio, sitting by designation.

janitor/groundskeeper position was James Rogers, a white male who had worked there for years. Plaintiff and Rogers were peers who reported to the same supervisor. Rogers was indisputably an abusive and awful coworker. The facts of this case are understood by the parties and were thoroughly outlined by the district court. *English v. Gen. Dynamics Info. Tech. Co.*, No. 3:11-cv-0347, 2012 WL 4506016, (M.D. Tenn. Sept. 28, 2012). We only recite the facts here as needed.

This Court reviews a district court's grant of a motion for summary judgment *de novo*, construing the evidence and drawing all reasonable inferences in favor of the non-moving party. *Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997). Summary judgment is proper if, after viewing the evidence that way, there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(c). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). For its part, the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. It must provide "significant probative evidence" to defeat a proper summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). This Court must decide whether there is sufficient "evidence on which the jury could reasonably find" for the non-movant when deciding a summary judgment motion, *id.* at 252.

Plaintiff alleges that he was subject to a hostile work environment at GDIT. It is undisputed that Rogers, Plaintiff's coworker, cursed, yelled, slammed doors, threw a mouse pad at him, threw keys at him, hit him with a cardboard box, pulled a knife on him, and reported him for working overtime without documenting it. Plaintiff claims that his coworker's abusive treatment of him was race-based and that it would not have occurred if he were white. Plaintiff's conclusion is based

2

almost entirely on one racist comment by Rogers. To establish a hostile work environment claim, Plaintiff must show that: (1) he is a member of a protected class; (2) he was subject to unwelcomed harassment; (3) the harassment was based on his race; (4) the harassment created a hostile work environment; and (5) the employer failed to take reasonable care to prevent and correct any harassing behavior. *Russell v. Univ. of Toledo*, 537 F.3d 596, 608 (6th Cir. 2008).

It is not disputed that, as an African-American, Plaintiff was a member of the protected class, and that he was subject to unwelcomed harassment. He therefore must only establish three things to establish a hostile work environment claim: (1) that the harassment was based on his race; (2) the harassment created a hostile work environment; and (3) that GDIT failed to take reasonable care to prevent and correct the harassing behavior. Therefore, summary judgment was proper in this case if English is incapable of establishing any one of the three requirements.

Because Plaintiff cannot establish a genuine issue as to whether GDIT failed to exercise reasonable care to prevent and correct the harassing behavior, we uphold the grant of summary judgment to Defendant and decline to address whether the harassment was based on race or whether it created a hostile work environment. "The final element of [Plaintiff's] claim requires [him] to establish that [GDIT] knew or should have known about the harassment and failed to take action." *Bailey v. USF Holland, Inc.*, 526 F.3d 880, 887 (6th Cir. 2008).

Plaintiff admits that he never told his supervisors that he thought the harassment by Rogers was based on his race until the day before he filed the EEOC charge on December 2, 2009. Plaintiff argues that GDIT should have known that his complaints involved racial discrimination because Rogers is white and Plaintiff is African-American. Plaintiff does not cite any legal authority that is on-point for such a proposition. The record shows that Rogers was rude to everyone, black and

3

white alike. Plaintiff's assertion that GDIT should have known the tension between the two was based on Plaintiff's race is meritless. There is no evidentiary support for a finding that GDIT knew or should have known that racial discrimination was involved.

Furthermore, the district court correctly reasoned that GDIT distributed equal employment opportunity and harassment policies, repeatedly counseled Plaintiff and Rogers, warned Rogers about the need to treat coworkers with respect, separated the two men to minimize their interactions, investigated Plaintiff's claims thoroughly, and even terminated Rogers—a more senior employee—before terminating Plaintiff.

Accordingly, Plaintiff's claim is defeated by the failure to establish liability of GDIT for Rogers' misconduct. We decline to address the other elements of the claim. Summary judgment was properly granted in this case. For the foregoing reasons, we **AFFIRM** the district court's judgment.